Law Office of
**RICHARD B. JONES**
273 S. Scott Avenue
Tucson, Arizona 85701
(520) 884-1234
richard.b.jones@azbar.org
AzBar:009144

Attorney for Claimants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CV03-2345 PHX VAM |
| Plaintiff, | ) |
| v. | ) CLAIMANTS' MOTION TO |
| | ) STAY EXECUTION OF JUDGMENT |
| (1) $493,850 in U.S. Currency, and | ) PENDING APPEAL |
| (2) One 1993 Ford F-350 Truck, | ) |
| | ) (Hearing Requested) |
| Defendants. | ) |
| ********************************** | ) |
| Roy Bruno, and | ) |
| Miguel Camacho, | ) |
| Claimants. | ) |
| | ) |

Claimants, through counsel and pursuant to Federal Rule of Civil Procedure 62(d) and 28 U.S.C. §1355(c), hereby request that this court enter an order staying the execution of judgment in this matter during the pendency of the appeal to be taken by the claimants.

The judgment in this matter has been automatically stayed under Rule 62(a) for 10 days. That stay will expire on February 2, 2006 unless extended by this court. As a general rule a stay requires the appealing party to post a supersedeas bond in order to secure the interest of the prevailing party. Yet a supersedeas bond is used to secure a money judgment. Here, the Government has not obtained a money judgment. Rather the Government has obtained a judgment authorizing it to take title to property that it already possesses.

28 U.S.C. §1355(c) controls the nature of a stay involving forfeited property.

In any case in which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

In the present case, the only order necessary to achieve the goal of 28U.S.C. §1355(c) to preserve "the full value of the property at issue" is an order that the Government not execute the judgment during the pendency of the appeal.

RESPECTFULLY SUBMITTED January 26, 2006.

s/*Richard B. Jones*
Richard B. Jones
Attorney for Defendant

*Certificate of Service*

I hereby certify that on January 26, 2006 I electronically transmitted this document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:
- Reid Pixler, Assistant United States Attorney

And a paper copy was delivered to:
- The Honorable Virginia Mathis (w/NEF)