PAUL K. CHARLTON
United States Attorney
District of Arizona

REID C. PIXLER
Assistant U.S. Attorney
Arizona State Bar. No. 12850
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
reid.pixler@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>1) $493,850.00 in U.S. Currency, and<br>2) One 1993 Ford F350 Truck,<br><br>          Defendants,<br><br>And Regarding the Interest of<br>Roy F. Bruno and Miguel Camacho,<br><br>          Claimants. | CIV 03-2345-PHX-V.A.M.<br><br>**RESPONSE BY THE UNITED STATES TO CLAIMANT'S MOTION TO STAY EXECUTION OF JUDGMENT** |

The United States of America, by and through undersigned counsel, responds to claimants' Motion to Stay Execution of Judgment, specifically related to the posting of a Supersedeas bond.

## FACTUAL BACKGROUND

1.     Judgment entered for all claimants and defendants 1, and 2 on January 23, 2006. The provisions of Fed.R.Civ.P. 62 contemplate a stay of 10 days, excluding weekends and holidays. Therefore, the automatic stay expires on or about February 6, 2006, not February 2, 2006, as suggested by claimants.

2.     On January 26, 2006, claimants filed a motion seeking a stay of execution of the judgment pending appeal. The United States will not seek to enforce this judgment while the present motion is pending.

3.     On February 1, 2006, plaintiff filed a Notice of Application to Tax Costs, seeking to tax the costs associated with the forfeiture litigation to date in the approximate amount of $3,799.56.   The greatest portion of this expense relates to the storage costs associated with defendant #2, the Ford F-350 pick up truck.   The expenses incurred in the storage and maintenance of this vehicle as of February 1, 2006, are $3,595.12, and continue to accrue at the rate of $3.35 per day.

4.     The estimated fair market value of this vehicle, assuming that it had not been altered to include hidden or concealed storage areas in the gas tank and area where the air-bag should be located is $3,775.00.  This indicates that the net equity in the vehicle after deduction of just the fees is less than $200, substantially less than it would cost to sell the vehicle.

5.     However, as the vehicle is presently constituted, the vehicle cannot be sold to the public because it has been altered to be used as a load vehicle capable of concealing illegal controlled substances or large quantities of currency.

6.     In order to liquidate the vehicle, substantial expense must be incurred to remove and replace the gas tank and to reinstall the air-bag.  Based upon the personal experience of the undersigned in dealing with vehicles the estimated expenses for replacing the gas tank and air bag could cost at least than $2,000, and will be substantial compared to the present value of the truck.

7.     Given the present market value, there is no economic purpose to expend additional time and effort to place the vehicle in a position where it can be sold, when the reasonable expectation of the revenue generated is less than the expenses already incurred.

8.     In the alternative, the United States is faced with either continuing to incur a daily expense of $3.35 to maintain this vehicle or simply destroy the vehicle to prevent it from becoming available for further or continued use by a criminal enterprise.

9.     In the event that claimants make no provision for the payment of these storage expenses, the United States, upon approval of this Court, shall simply destroy the vehicle.

10.    Claimants can avoid that alternative by posting a supersedeas bond in the amount to include all of the existing storage and administration costs in the approximate amount of

1

$3,799.56, the costs of repair to the vehicle to place it in a condition where it can be sold or returned in the approximate amount of $2,000, as well as the additional sum of $3.35 per day for the expected period of time of one year while this action is further litigated on appeal or the approximate amount of $1,222.75.

11.     Plaintiff requests that claimants be required to post a bond in the amount of $6,000 in order to stay the enforcement of the judgment as it relates to the defendant Ford truck.

12.     A few days prior to the announcement of the opinion by the Court, the undersigned learned that the Department of Justice has approved the award of immunity regarding the testimony of claimants regarding the circumstances surrounding the seizure of the money. In other words, if this case is remanded plaintiff has the ability to compel the testimony of either claimant regarding the source of the funds. Neither claimant will have a Fifth Amendment privilege regarding the seizure in this case and must provide truthful testimony. The undersigned has communicated this development to counsel for claimants.

13.     To avoid multiple appeals, the government consents to a further stay of this proceeding to allow the collection of that evidence for the consideration of the Trial Court. That is, if claimants are willing to testify truthfully regarding the source of the currency subject to the terms of immunity provided by the Department of Justice, and that evidence had not been made available for fear of the potential of criminal prosecution, plaintiff will consent to a stay for the purpose of the collection of that evidence in the form of appearance at a deposition. The evidence could then be presented to the Court in association with a motion to reconsider the entry of the judgment.

ARGUMENT

I.     A STAY IS NOT REQUIRED FOR THE DEFENDANT CURRENCY.

The defendant currency is required to be held in the Department of Justice Assets Forfeiture Fund pursuant to 28 U.S.C. §524(c)(4)&(5). Under the circumstances described within that section the funds can be invested in obligations of, or guaranteed by, the United

States. Claimants may not direct the disposition or application of the funds even during the appeal of this action.

Physical presence of the sale proceeds within the Ninth Circuit is not required, ***Republic National Bank of Miami v. United States***, 506 U. S. 80, 113 S.Ct. 554 (1993). Prior to the holding in this case, failure on the part of a claimant to obtain a stay of the enforcement of the judgment was fatal to the ***in rem*** jurisdiction of any court, including an appellate court. Regardless of whether a stay is ordered regarding the currency, the appellate court will continue to have jurisdiction to consider the appeal. Therefore, a stay relative to the currency in this action is essentially meaningless. Regardless of what happens to the funds, plaintiff will continue to hold that value subject to the jurisdiction of the Court, pending the final disposition of the case.

II.     A STAY SHOULD NOT BE ORDERED REGARDING THE FORD TRUCK UNTIL CLAIMANTS POST A BOND AS REQUIRED IN FED.R.CIV.P. 62.

Claimants have sought to preserve the _res_ pursuant to 28 U.S.C. § 1355(c). However, no mention is made of the need to post a bond to insure that plaintiff recovers the full costs of this action, as is required in Fed.R.Civ.P. 62. With respect to the Ford truck, the analysis is substantially different than related to the currency. Absent a stay of the enforcement of the judgment, plaintiff is free to dispose of the truck and no longer incur the expenses associated with the maintenance and storage of the vehicle. The only options available to plaintiff are to either sell the vehicle, incurring additional expenses, or destroy it to prevent the altered vehicle from again being used by a criminal enterprise in the commission of criminal acts, including drug trafficking and bulk currency smuggling.

In the context of this proceeding the United States has disclosed that the vehicle, with required modifications to remove the hidden compartments used to contain the currency, has a value of no more than $3,775. If the government were to expend additional funds to remove the false gas tank and repair the altered truck, the value would not be increased and the expected revenue would fail to cover the existing storage and maintenance fees. Given the truth of these

3

representations, absent an order directing that the truck be preserved, the United States gives this Notice that it will destroy the vehicle.

If claimants dispute these representations, specifically the value of the Ford truck, then claimants must protect the defendant by posting the required bond. It must be clear that failure to post the bond is an admission that the value of the truck is not greater than $3,775. In the unlikely event that the Order of this Court is reversed and the case is remanded, claimants cannot assert that the value of the truck is greater than $1,775 ($3,775 less the $2,000 estimated to repair the truck). Stated another way, the government contends that if claimants refuse to post the bond required by the Court and the government destroys the truck, then the maximum amount claimants could seek to recover from the government is no more than $1,775. Again, if claimants disagree with this position, they may either post the bond or argue the point before the Court.

**A. A Supersedeas Bond is Required To Stay Proceedings.**

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. ***Popular Grove, ETC. v. Bache Halsey Stuart, Inc.***, 600 F.2d 1189, 1190-91 (5th Cir. 1979). In other words, the reason for the supersedeas bond is to protect the prevailing party against loss resulting from stay of execution during the appeal. ***Id.***, at 1191; ***Miami Intern. Realty Co. v. Paynter***, 807 F.2d 871, 873 (10th Cir. 1986). The Bond also is required to protect the judgment debtor from satisfying the debt only to find that restitution is impossible after reversal. ***Popular Grove, ETC.,*** 600 F.2d at 1191. In the context of this action, unless the bond is posted there is a substantial likelihood that the costs and expenses described in plaintiff's bill of costs will remain unpaid. There is a substantially probability, given the nature of the criminal involvement disclosed in this investigation, that neither claimant will be available to plaintiff by the time the appeal in this case is completed. Absent either the posting of a bond or segregation by Counsel for claimants of funds sufficient to pay the costs awarded by this Court, plaintiff is very likely to be unable to collect that portion of the judgment.

Rule 62(d), <u>F.R.Civ.P.</u> states:

4

(d) **Stay Upon Appeal.**  When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay....  The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be.  The stay is effective when the supersedeas bond is approved by the court.

The rule clearly allows for a stay only upon the posting of a supersedeas bond.  A stay issued by the court is only effective when the supersedeas bond is filed and approved by the court and is a condition to obtaining the stay.  ***Stevedoring Services of Amer. v. Ancora Transport***, 884 F.2d 1250, 1255 (9th Cir. 1989).

The appellant may ask the court to waive the bond requirement.  ***See Dillon v. City of Chicago***, 866 F.2d 902, 904-05 (7th Cir. 1988).  The district court has broad discretionary power to waive the bond requirement if it sees fit.  ***Townsend v. Holman Consulting Corp.,*** 881 F.2d 788, 796-97 (9th Cir. 1989); ***See also, U.S. v. Certain Real and Personal Property Belonging to Hayes***, 943 F.2d 1292, 1296 (11th Cir. 1991); ***Miami Intern. Realty Co.***, 807 F.2d at 873-74.  However, the burden should be on the moving party to objectively demonstrate the reasons for departure from  Rule 62(d).  ***Popular Grove, ETC.***, 600 F.2d at 1191.  The most common justifications for allowing alternatives to a bond is the financial hardship that the bond may impose on appellants or the clear fact that the bond is unnecessary given appellants' sound financial condition*.  **Townsend***, 881 F.2d at 797; ***Dillon***, 866 F.2d at 904-05; ***Olympia Equipment Leasing Co. v. Western Union Telegraph Co.***, 786 F.2d 794, 796-97 (11th Cir. 1986); ***Popular Grove, ETC.***, 600 F.2d at 1191.

Furthermore, the court must require some form of security to protect the non-appealing party.  ***See, Townsend***, 881 F.2d at 797 (appellant was an officer of the court and failure to comply with a court-order sanction could subject him to a variety of collateral sanctions); ***Olympia Equipment Leasing Co.***, 786 F.2d 797-98 (defendant was allowed to post alternative security of comparable value to bond); ***Popular Grove, ETC.***, 600 F.2d at 1191 (case was remanded to determine reason for discretion and proper security).

The facts of this case clearly support the bond requirement.  Some of the factors to be considered in this case are: (1) the length of time the appeal will take, approaching at least a year; (2) the resulting cost to the storage fees and fees which cannot be paid from the sales

proceeds, and thus reducing the judgment to plaintiff; (3) the existence of a judgment for the government for costs in the expected amount of $3,799.56, which in all probability cannot be recovered unless a bond is posted; (4) the likelihood that the claimant will not prevail on appeal, which is significant; (5) the questionable financial resources of the claimant, given the fact that corroboration of the resources of claimants is not possible.

Each of the three claimants must be required to post an appeal bond.  The purpose of the bond is to ensure payment of the judgment in the event the appellant is not successful.  Presently the title to the truck has been presented to the United States for disposition.  The value of the total judgment must be reduced by the costs of maintenance, storage, and administration of the truck and the costs of the action.  If these expenses are not paid by claimants as part of their appeal, then plaintiff's judgment is reduced accordingly.  In this event, regardless of the rule which requires the appellant to bear the costs of the appeal, plaintiff will be required to satisfy all of these expenses of claimants' appeal from the amount of the judgment awarded.

**B.  The Amount of Supersedeas Bond Required.**

> Although the present rule [Rule 62(d), F.R.Civ.P.] does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule [Civil Rule 73(d)].

*Popular Grove, ETC.,* 600 F.2d at 1191.  This rule required the supersedeas bond to be posted in:

> ... the whole amount of judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.

Civil Rule 73(d).  Therefore, the amount of a supersedeas bond is normally calculated to secure the judgment and costs of delay.  *Stone v. City and County of San Francisco*, 145 F.R.D. 553, 559-60 (N.D.Cal. 1993); *Metz v. United States*, 130 F.R.D. 458, 459 (D.Kan. 1990); *Avirgan v. Hull*, 125 F.R.D. 185, 188 (S.D.Fla. 1989); *See also, E.E.O.C. v. Clear Lake Dodge*, 25 F.3d 265, 273 (5th Cir. 1994).  A stay does not relieve the losing party of its obligation to compensate the prevailing party for the cost of delay.  *Stone*, 145 F.R.D. at 560.  In addition, attorney's fees are considered part of the costs of delay.  *See, Avirgan*, 125 F.R.D. at 188.

The amount of the bond can be determined in a straightforward manner. The amount of the costs which are expected to be awarded in the judgment previously awarded by this Court totals $3,799.56. In order to protect the judgment to plaintiff, claimants should be required to post a bond to reimburse this sum, to insure plaintiff receive the full value of the judgment.

Plaintiff has virtually no ability to obtain the full value of the judgment entered herein, absent the posting of a bond in sufficient amount to recover the costs incurred by the actions of claimants. Claimants refused to provide any documentary records of value regarding the source of the funds and identify any legitimate business activity from which payment could be obtained. Plaintiff has little likelihood of recovering the costs awarded in the judgments entered herein, absent the requirement of this Court that a bond be posted to insure not only the past costs incurred, but the future costs as well. There is no ability for plaintiff to recoup the costs of this forfeiture action, as awarded by the court, absent the requirement of the posting of a substantial bond to insure that the costs of the litigation, and expenses incurred are paid from a source other than the defendants in this action. Accordingly, the amount of the supersedeas bond the claimants must file to stay the proceedings is at least $6,000.

Wherefore, plaintiff respectfully requests this honorable court to deny the request to stay the disposition and or destruction of the Ford truck unless and claimants post an appellate bond at least in the amount specified herein to cover the costs associated with this action. Absent the award of a stay, the United States will seek to dispose of the Ford truck as outlined above. Plaintiff suggests that the bond be in the approximate amount of $6,000.00.

Respectfully submitted this 1st day of February, 2006.

PAUL K. CHARLTON
United States Attorney
District of Arizona


S/Reid C. Pixler

REID C. PIXLER
Assistant U.S. Attorney

7

CERTIFICATE OF SERVICE

 I hereby certify that on February 1, 2006, I electronically  transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Richard B Jones**
Law Office of Richard B Jones
273 S Scott Ave
Tucson, AZ 85701
520-884-1234
520-884-9687 (fax)
richard.b.jones@azbar.org

Counsel for Claimants


 S/ Victoria Tiffany
Victoria Tiffany